The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Fuleihan. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the minor technical modification of a date in Finding of Fact number 9, Finding of Fact number 10 and Conclusion of Law number 1.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-trial Agreement dated September 24, 1993 and at the December 16, 1993 hearing as:
STIPULATIONS
1. On the date of the alleged injury giving rise to this claim the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, the employee-employer relationship existed between the plaintiff and the defendant-employer.
3. At such time, Aetna Insurance Company was carrier on the risk.
4. At such time, plaintiff's average weekly wage was $140.00.
5. The alleged date of injury is July 31, 1992.
6. Medical records and reports from ABCCM, Memorial Mission Medical Center, Mountain Neurological Center, and St. Joseph's Urgent Care Center are received into evidence.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff, who is thirty-five years old and has an eighth grade education, was employed as a general laborer by defendant-employer's restaurant facilities in Asheville, North Carolina. One of plaintiff's duties as a general laborer was to assist in the unloading of delivery trucks.
2. On July 31, 1992, plaintiff was assisting a delivery driver in unloading a delivery truck. A conveyor ramp inside the truck was used by the delivery driver to move products from the front of the truck to the rear. While plaintiff was removing one item from the ramp, the driver placed a cardboard box containing a plastic jug of cooking oil, weighing approximately 30 pounds, on the conveyor ramp and sent it in plaintiff's direction. Plaintiff had his back to the driver at the time and when he turned around he noticed the cardboard box traveling down the ramp towards him. Plaintiff attempted to catch the box with his left hand as it came off of the ramp and was pulled to the ground, landing upon his left shoulder and left elbow. This incident constituted an interruption of his normal work routine likely to result in unforeseen consequences.
3. Plaintiff immediately reported this incident to his supervisor and continued to work the remainder of his shift that day.
4. On August 4, 1992, plaintiff was seen by Dr. Landis for complaints of numbness and tingling in the fingers of his left hand, sharp pains in his left elbow, numbness in his left scapular region, and numbness and aching pain in the lateral aspect of his left arm. Plaintiff informed Dr. Landis that these symptoms began after arising from bed on August 1, 1992, and feeling a "pop". Plaintiff further informed Dr. Landis that he had experienced a similar occurrence approximately five years previously which had resolved itself in one day.
5. Plaintiff continued to work at his regular job with defendant-employer from July 31, 1992, until November 4, 1992.
6. Plaintiff did not seek further medical treatment until November 4, 1992, at which time plaintiff was seen by Dr. Green. Thereafter, plaintiff was seen by Drs. Stetler, Bate and Silver.
7. Plaintiff worked light duty with defendant-employer from November 4, 1992, until sometime in late December, 1992, at which time plaintiff resigned form his job.
8. On March 19, 1993, Dr. Silver performed a diskectomy at C6-C7 on plaintiff, which completely resolved his symptoms.
9. On July 6, 1993, plaintiff was released from Dr. Silver's care without restriction and without any permanent disability.
10. The credible evidence in the record fails to establish that the condition for which plaintiff received medical treatment on August 4, 1992, and from November 4, 1992, through July 6, 1993, including the surgery of March 19, 1993, was the result of the July 31, 1992, incident at work, and further fails to establish that plaintiff sustained any diminution in wage earning capacity as a result of the July 31, 1992, incident at work.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on July 31, 1992. However, plaintiff has failed to establish that the condition for which he received medical care and treatment on August 4, 1992, and from November 4, 1992, through July 6, 1993, including the surgery on March 19, 1993, was a result of his July 31, 1992, injury by accident, or that he sustained any disability as a result of his July 31, 1992, injury by accident. Therefore, plaintiff's claim is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
* * * * * * * * * * * *
Based on the foregoing findings of fact and the conclusion of law, the Full Commission enters the following:
ORDER
1. Under the North Carolina Workers' Compensation Act plaintiff claim must be, and the same is, hereby DENIED.
2. Each side shall bear its own costs.
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER